# UNITED STATES FIDELITY & GUARANTY COMPANY *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 179. Argued April 23–26, 1909.—Decided May 24, 1909.

Judgment of the lower court against a surety on the official bond of an Indian agent affirmed without opinion by a divided court.

*Quære,* Whether failure to give credit for vouchers because of misrepre-

sentation as to part of the amount represented by the vouchers is the enforcement of a statutory rule of accounting under the act of July 4, 1884, c. 180, 23 Stat. 76, p. 97, or the imposition of a penalty.

THIS was an action by the United States against the Guaranty Company to recover from it as surety on the official bond of one Bridgeman, an Indian agent. The facts are stated in the opinion of the Circuit Court of Appeals and appear in the extract therefrom quoted in the margin.[1]

---

[1] The United States brought an action in the court below against the plaintiff in error as surety upon the official bond of Morris L. Bridgeman, Indian agent of the Fort Belknap Indian Agency. The condition of the bond was that "if the said principal shall at all times during his holding and remaining in office, carefully discharge the duties thereof and faithfully disburse all public moneys, and honestly account, without fraud or delay, for the same and for all public funds, including the funds designated in Regulations of the Indian Department, as miscellaneous receipts and moneys belonging to Indians under his charge, which shall or may come into his hands, and all other funds received by him by reason of his position as United States Indian agent and for all public property placed in his charge; and if the said principal shall not knowingly present, or cause to be presented any voucher, account or claim of the character mentioned in § 8 of the Act of Congress of July 4, 1884 (23 Stats. 97) or in any manner become liable thereunder, then the above obligation to be void and of no effect; otherwise to remain in full force and virtue." The complaint alleged that the official accounts of said Morris L. Bridgeman, as agent for the Fort Belknap Indian Agency have been stated, settled and adjusted by the duly authorized and lawful officers of the government of the United States as required by law, and that upon such statement, settlement and adjustment, there was found to be due and owing to the United States from Morris L. Bridgeman as such agent on account of public moneys and public property received by him as such agent, and which he failed to disburse and account for, the sum of $11,357.07. The said sum of $11,357.07 is in the complaint made up of two items, one of $10,489.50, public moneys, the other $867.57, the value of public property. The demand for judgment was for $11,357.07 and interest thereon at six per cent per annum from April 30, 1902. The answer set up affirmative defenses, the first of which is as follows: That the said Bridgeman as such agent presented to the Commissioner of Indian Affairs for approval and payment, vouchers and accounts and claims for all money disbursed by him; that he faith- ʔ

The Circuit Court and the Circuit Court of Appeals held that the rejection of vouchers for over ten thousand dollars which contained misrepresentations as to less than two thousand dollars was not the imposition of a penalty but only the statutory rule of accounting applicable to the case, and that the agent had had an opportunity to file corrected vouchers but had not availed of it. The court below also held that the defenses that the bond had been extorted under color of law and that the criminal judgment against the agent for fraudulent vouchers

---

fully disbursed for the use and benefit of the Indians of the agency all the moneys included in such vouchers, accounts and claims for which he claimed credit, excepting a sum not exceeding $2,000.00; that several of the vouchers so presented contained material misrepresentations of fact in regard to the amount due or paid, name or character of the article furnished or received or services rendered or the date of purchase, delivery or performance of service, or in some other particular, and that by reason of such false representation, the said Bridgeman was refused and denied credit for any part of either of said vouchers containing such false representations, and that this was done pursuant to § 8 of the Act of Congress of July 4, 1884; that said Bridgeman honestly and without fraud or delay accounted for all public moneys received by him as indicated except a sum not exceeding $2,000.00; that the said vouchers, accounts and claims containing such false representations amounted in the aggregate to $10,489.50 for the whole of which the said Bridgeman was denied credit. The second defense is in substance the allegation that for his malfeasance in office the said Bridgeman had been indicted and tried in the United States District Court for the District of Montana and on such trial had been convicted and sentenced to imprisonment for a period of three years, and that by reason of those facts the government should not be heard to assert any claim against the plaintiff in error for penalties incurred by the said Bridgeman in presenting such vouchers, accounts and claims containing false representations; that said judgment is a bar to the recovery of any such penalties from the plaintiff in error. The third defense is that before the execution and delivery of the bond, the Department of the Interior caused the bond to be prepared and transmitted to Bridgeman and required him to execute the same with sufficient sureties before permitting him to enter upon the duties of the office of Indian agent; that the conditions of the bond are wholly different from and in excess of the conditions required by law and vary and enlarge the duties and responsibilities of said Bridgeman

was a bar to the recovery from the surety under the bond were untenable.

*Mr. J. Kemp Bartlett* and *Mr. Milton S. Gunn* for plaintiff in error.

*Mr. Assistant Attorney General Russell,* with whom *The Attorney General* was on the brief, for defendant in error.

*Per Curiam:* Judgment affirmed by an equally divided court, and cause remanded to the Circuit Court of the United States for the District of Montana.

MR. JUSTICE MOODY did not sit.

---

and the surety, and impose upon the latter obligations and liabilities different and in excess of those to which it would be subjected if the bond had contained the conditions provided by law and had not contained such illegal conditions; that said bond was extorted from the said Bridgeman under color and pretense of law and under color of the office of the Secretary of the Interior and is therefore void and of no effect. The defendant in error moved for judgment on the pleadings and the motion was allowed. Judgment was rendered in favor of the defendant in error and against the plaintiff in error for the sum of $14,082.75, with interest from the date thereof at six per cent. per annum and for costs.